*In re* D.S. *et al.*, Minors (The People of the State of Illinois, Petitioner-Appellee, v. David S., Respondent-Appellant).

Third District   No. 3—01—0158

Opinion filed December 17, 2001.

Timothy McCarthy, *of Peoria, for appellant.*

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Nancy Rink Carter, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LYTTON delivered the opinion of the court:

At the conclusion of a dispositional hearing, the respondent father, David S., was found to be unfit to have physical custody of his children based on his criminality. 705 ILCS 405/2—27 (West 2000). The respondent appeals, arguing that the court erred by finding him unfit based on criminal conduct that occurred eight years before the dispositional hearing. We affirm.

## BACKGROUND

The respondent is the father of D.S., born on April 18, 1991, and Dn.S., born July 12, 1993. On August 18, 2000, the State submitted a juvenile petition asking the court to find the respondent's children to be neglected because of an injurious environment. The court's adjudication order of January 30, 2001, found the children to be neglected on that basis.

The record contains the criminal information whereby the respondent was charged on December 13, 1993, with three counts of aggravated kidnaping. The information states that the defendant committed these crimes on December 7, 1993. He was charged with one count of Class X aggravated kidnaping for the purpose of obtaining a ransom. 720 ILCS 5/10—2(a)(1) (West 1992). He also was charged

with two counts of Class 1 aggravated kidnaping while armed with a handgun. 720 ILCS 5/10—2(a)(5) (West 1992).

The respondent was sentenced on June 6, 1994. The sentencing order indicates that he received 24 years' imprisonment for the Class X offense and 14 years each for the Class 1 offenses, all to be served concurrently. He told Lutheran Social Services of Illinois that his release date from prison is in February 2004.

The dispositional hearing regarding his children was held on February 20, 2001, and the court issued its dispositional order the same day. At the hearing, the judge stated that she was finding the respondent to be unfit because of his "very serious" Class X felony conviction for aggravated kidnaping. The judge noted that he was sentenced to 24 years' imprisonment for this conviction. The judge said that "[i]t's the type of criminality that the Court would find, although it's not a repeated nature, because of the seriousness of the charge, the nature of the felony, the Court would be finding him unfit." The dispositional order states that the court found the respondent to be unfit to care for his children because of his "serious criminality— aggravated kidnapping." The respondent appeals from the circuit court's ruling.

## ANALYSIS

■ A trial court's determination of parental unfitness at the dispositional phase will be reversed only if the findings of fact are against the manifest weight of the evidence. *In re Lakita B.*, 297 Ill. App. 3d 985, 697 N.E.2d 830 (1998).

■ At a dispositional hearing, the court shall determine whether it is in the best interest of the minor and the public that the minor be made a ward of the court. If the minor is made a ward of the court, the court shall determine the proper disposition to best serve the health, safety, and interests of the minor and the public. 705 ILCS 405/2—22(1) (West 2000).

■ Section 2—27(1)(d) of the Juvenile Court Act of 1987 provides:

"(1) If the court determines and puts in writing the factual basis supporting the determination of whether the parents *** of a minor adjudged a ward of the court are unfit or are unable, for some reason other than financial circumstances alone, to care for, protect, train or discipline the minor or are unwilling to do so, and that the health, safety, and best interest of the minor will be jeopardized if the minor remains in the custody of his or her parents, *** the court may at this hearing and at any later point:

* * *

(d) commit the minor to the Department of Children and Family Services for care and service[.]" 705 ILCS 405/2—27(1)(d) (West 2000).

Cases involving custody rights of parents at the dispositional stage must be decided in accordance with the particular facts of that case. *In re Powers*, 94 Ill. App. 3d 646, 418 N.E.2d 1145 (1981).

■ On appeal, the respondent relies upon *In re L.M.*, 319 Ill. App. 3d 865, 747 N.E.2d 440 (2001), for the proposition that a respondent who previously has been convicted of a serious felony cannot automatically be found to be an unfit parent. The State argues that *L.M.* is both factually and procedurally distinguishable from the instant case. We agree.

In *L.M.*, the 26-year-old respondent dated and eventually impregnated a 16-year-old girl. Three-and-one-half months after the birth of the child, the father was convicted of aggravated criminal sexual abuse of the mother because she was a minor at the time. Nonetheless, the day after the conviction, the mother left their infant in the care of the father. On the day after that, the State petitioned the court to find the child to be neglected based· on an injurious environment. The trial court granted the petition, finding the child to be neglected. The appellate court reversed, holding that the father's status as a sex offender, by itself, did not establish an injurious environment for the infant.

*L.M.* is factually distinguishable from the present case. The aggravated criminal sexual abuse charge in L.M. involved no violent or forced behavior; the defendant's conviction was for aggravated kidnaping with a handgun and for the purpose of obtaining a ransom, a crime characterized by violent behavior and physical force. The respondent in *L.M.* ultimately was sentenced to 36 months' probation for his offense, whereas this respondent was sentenced to 24 years' imprisonment.

The trial court was required by statute to determine the best interests of the children to be made wards of the State. The court found the defendant to be unfit based on his serious criminality. Under *Powers*, the trial court makes the finding based upon the individual facts of the case. It was not manifestly against the weight of the evidence for the trial court to find the respondent unfit to care for his children based on his criminality.

## CONCLUSION

For the foregoing reasons, we affirm the ruling of the Peoria County circuit court.

Affirmed.

HOMER, P.J., and SLATER, J., concur.